**Octavio Mendez CORTES, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72702.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 21, 2006 *.

Filed Dec. 29, 2006.

Octavio Mendez Cortes, Van Nuys, CA, pro se.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Cindy S. Ferrier, Esq., U.S. Department of Justice, Civil Div./Office of Immigration, Lit., Surell Brady, U.S. Dept. of Justice Management Division, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and LEAVY, Circuit Judges.

MEMORANDUM \*\*

Octavio Mendez Cortes, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion, *see Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and we deny the petition for review.

The BIA did not abuse its discretion in denying petitioner's motion to reopen as untimely, because he did not file the motion within 90 days of the BIA's final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and did not demonstrate a material change in circumstances in Mexico, *see* 8 C.F.R. § 1003.2(c)(3)(ii).

Petitioner's reliance on *Khourassany v. INS*, 208 F.3d 1096, 1099 & n. 2 (9th Cir.2000), is misplaced. In that case, the 90–day time limit for motions to reopen

---

did not apply because petitioner had been ordered deported before March 22, 1999. *See* 8 C.F.R. § 1208.18(b)(2).

**PETITION FOR REVIEW DENIED.**

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely, because they did not file the motion within 90 days of the BIA's final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and did not demonstrate a material change in circumstances in Mexico, *see* 8 C.F.R. § 1003.2(c)(3)(ii).

Petitioners' reliance on *Khourassany v. INS*, 208 F.3d 1096, 1099 & n. 2 (9th Cir.2000), is misplaced. In that case, the 90–day time limit for motions to reopen did not apply because petitioner had been ordered deported before March 22, 1999. *See* 8 C.F.R. § 1208.18(b)(2).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.